E-FILED
Monday, 03 March, 2008 10:25:31 AM
Clerk, U.S. District Court, ILCD

**FILED**

UNITED STATES DISTRICT COURT

FOR THE

CENTRAL DISTRICT OF ILLINOIS, ROCK ISLAND

MAR 3 2008

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | CASE No. 94-CR-40022 |
| v.                         ) | |
| ) | |
| BRYANT REAGOR,             ) | |
| ) | |

### MOTION FOR REDUCTION OF SENTENCE

COMES NOW, petitioner, Bryant Reagor, in pro se, and hereby moves this Honorable Court, pursuant to Title 18 U.S.C. Section 3582(c)(2), for a reductuion of his sentence.

As the petitioner is proceeding pro se, he prays the Sentencing Court will consider and liberally construe his pleadings pursuant to Hines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L. Ed. 2d 652 (1972).

This Honorable Court has jurisdiction to entertain petitioner's motion under 18 U.S.C. Section 3582(c)(2), which states:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), upon motion of the defendant or the Director of the Bureau of Prison , or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they

       are applicable, if such a reduction is consistant
       with applicable policy statements issued by the
       Sentencing Commission.

The Sentencing Commission has recently lowered the sentencing range in the petitioner's case, thus lowering his base offense level from 38 to 36, under United States Sentencing Guideline 2D1.1(2)(3). As a result, the petitioner's guideline range would change from 324-months-to-405-months to 262-months-to-327-months, excluding other possible considerations.

On December 11, 2007, the Sentencing Commmission voted to give retroactive status to crack cocaine sentencing guideline Amendment 706, effective as of March 3, 2008. The Commission Policy Statements on retroactive is found at U.S.S.G. Section 1B1.10, and applies to petitioner's case. The Amendments that the Commission intends to have retroactive are listed in U.S.S.G. Section 1B1.10(c).

The petitioner hopes to have established that this Court may make reductions based upon factures set forth herein, and resentence the petitioner, considering all factures to the extent they are applicable sentencing laws of this day.

### STATEMENT OF THE CASE

Petitioner was indicted in the Central District of Illinois, Rock Island on October 5, 1994, on one count of conspiracy to distribute cocaine base ("Crack"), from November of 1991 to early Spring of 1994, in violation of Title 21, United States Code Section 846 and 841(a)(1). On

April 15, 1995 petitioner entered a guilty plea to count one of the indictment and waived trial.

On September 27, 1995, petitioner was sentenced to 324 months on Count 1, to be followed by five years supervised release.

The following facts are not intended to be exhaustive or limiting and are subject to correction, modification, or revision prior to consideration, and a ruling on the legal basis of this motion.

## FACTS OF THIS CASE

1. Actual drug amount seized by Authorities: . . . . . . . . . . . . . . . 0 grams

2. Court found under relevant conduct 2.68 kilograms of cocaine base, at a base offense level of (U.S.S.G. §2d1.1(1)): . . . . . . . . . . . . 38

3. There was no other base offense level characteristics: . . . . . . . .

4. Criminal History catergory: . . . . . . . . . . . . . . . . . . . . . . 4

5. Guidelin range: . . . . . . . . . . . . . . . . . . . . . . . . . . 324-months to 405 months

6. Guideline range after reduction (but not limited to): . . . . . . . . 262 to 327 months

3.

OTHER CONSIDERATIONS

1. The petitioner plead guilty to count one of the indictment, which charged him with conspiracy to distribute a detectable amount of cocaine base. However, at sentencing petitioner was found responsible for 2.68 kilograms of cocaine base, on the basis of the actions of his coconspirators.

2. The petitioner had the least amount of criminal history out of all his co-defendants, and the most serious prior conviction is an minor assault.

3. The petitioner received the greatest term of imprisonment out of all his co-defendants, even though he was the least culpable. As a result, the petitioner will be the last one to be released from prison.

4. At the time of the instant offense, the petitioner was 24 years of age. Moreover, petitioner suffered from the condition of lack of youthful guidance. This was due to petitioner being raised by single parent (his Mother) who, due to her work schedule of two jobs, spent less than one meaningful hour a day with the petitioner--while he was growing up.

5. During the petitioner's 15 year incarceration he has grown spiritually and mentally, and is now become a mature adult able to make rational and intelligent decisions. Indeed, the petitioner's chances for recidivism is less likely because of his age. See **Nellum**, 2005 U.S. Dist. LEXIS 1568, 2005 WL 300073 (granting non-Guideline sentence and noting that recidivisim rate for defendants between the age of 41 and 50 is less than half of defendants under age of 21).

6. The petitioner has had a long time to reflect on the harm his offense of conviction caused the city of Rock Island. Being very remorseful, realize the errors of his youthful ways, and believes he is fully rehabiliated and ready to lead a productive life as a citizen and Grand Father to his Grand sons who also suffer from the plight of the absence of a male Role Model.

## POST SENTENCE REHABILITATION

The petitioner has been described as an above average inmate, and has successfully programed and completed the following educational and vocational programs:

1. Wisdom Hunter
2. Anger Management
3. Personal Finance
4. Power of Self Esteem
5. Officiating Class
6. Nutrition and Your Health
7. Aids Awareness
8. Stress Management
9. Employment Information
10. Drug Education Program
11. Language Skills 720
12. Language Skills 940
13. Your Better life now

WHEREFORE, based on the above discussion of facts and law, Petitioner Bryant Reagor, prays this Honorable Court GRANT his motion for reduction of sentence, and order a resentencing hearing with the purpose of conducting the mandates of 18 U.S.C. Section 3553.

Respectfully submitted,

*Bryant Reagor*
Bryant Reagor

## CERTIFICATE OF SERVICE

I, Bryant Reagor, the Petitioner in this matter, hereby certify that a true copy of the foregoing document was sent to AUSA, Pat Tomaw, this 18th day of February 2008, of via USMAIL SERVICE: Assistant U.S. Attorney's Office
P.O. Box 375
Springfield, IL 62705

By: *Bryant Reagor*
Bryant Reagor