E-FILED
Friday, 02 May, 2008  03:45:32 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff.<br><br>v.<br><br>BRYANT REAGOR,<br><br>    Defendant. | No. 94CR40022<br>Hon. Joe B. McDade<br>United States District Judge,<br>Presiding |

**AMENDED MOTION TO REDUCE SENTENCE**

NOW COMES the Defendant, BRYANT REAGOR, by his court-appointed undersigned attorneys, Richard H. Parsons, Federal Public Defender for the Central District of Illinois and Robert A. Alvarado, Assistant Federal Public Defender, moving this Honorable Court pursuant to 18 U.S.C. § 3582(c)(2) for an order reducing the defendant's term of imprisonment, and in support thereof states the following:

1.    The Defendant pleaded guilty on May 15, 1995, to one count of conspiracy to distribute cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846.

2.    The offense carried a 10-year statutory mandatory minimum penalty.

3.    At sentencing, the defendant was held accountable for 3.1 kilograms of crack cocaine. This amount resulted in a Base Offense Level of 38.

4.    With no adjustments, the Defendant's Total Offense Level was 38.

5.    At sentencing, this court found the Defendant's Criminal History Category to be IV, resulting in a guideline range of 324 to 405 months.

6. This court imposed a sentence of 324 months, the bottom of the range.

7. Under Amendment #706 to the United States Sentencing Guidelines as made retroactive by Amendment #711, the Defendant's Base Offense Level is Level is now 36, and with the same adjustments made at his original sentencing hearing (none), his Total Offense Level is also 26, his criminal history category remains at IV, and his new guideline range is 262 to 327 months. **Accordingly, if the court grants the Defendant's motion and reduces his total offense level by two levels, placing him at the bottom of the new guideline range, his new sentence would be 262 months.**

8. However, Mr. Reagor seeks a greater than two level reduction under the guidelines. He has filed a comprehensive motion to reduce sentence under Section 3582(c)(2) and asks this court to consider it along with this amended motion.

9. Mr. Reagor contends that a full sentencing hearing is appropriate in his case in order for the court to fashion a reasonable sentence under all of the factors set forth in 18 U.S.C. 3553(a). Because Mr. Reagor's original sentencing hearing was held long before the *Booker* decision, this court was unable to consider any mitigating factors as it would today.

10. Mr. Reagor wishes to emphasize that recent decisions of the U.S. Supreme Court such as *Rita v. United States*, 127 S.Ct. 2456 (2007), *Gall v. United States*, 128 S.Ct. 586 (2007), and *Kimbrough v. United States*, 128 S.Ct. 558 (2007), have invested the district courts with a large amount of discretion to address the wide disparity in sentencing between crack and powder cocaine offenses today. At the time of Mr. Reagor's sentencing this court did not have any discretion to consider a sentence that was "sufficient but not greater than necessary" to support the goals of sentencing. 18 U.S.C. 3553(a).

11. As we have seen in the Sentencing Commission's Sentencing Report to Congress,

there is no longer a firm belief that the original guidelines for crack offenses are a fair or reasonable approach to enlightened sentencing in the Federal court system. The Sentencing Commission amended the guidelines and applied those amendments retroactively to correct what many have perceived as gross inequities between sentences for crack cocaine and powder cocaine. Congress, the Judiciary, and a large portion of the American public concur that this minor step by the Commission only begins to address the unfairly harsh sentences that have been meted out to those convicted of federal crack cocaine offenses.

12. Mr. Reagor is aware of the limitation on full resentencings set forth in U.S.S.G. § 1B1.10(a)(3). However, the guidelines are only advisory and not binding on this court. The full weight of authority requires this court to consider sentencing reductions under 3582(c)(2) after considering all of the facts and circumstances of Section 3553(a).

13. Mr. Reagor suggests it would be reasonable to consider all post-sentencing conduct of Mr. Reagor in conjunction with a review of the original presentence report to determine whether a greater than two level reduction is appropriate.

WHEREFORE, the Defendant, BRYANT REAGOR, respectfully requests that this Honorable Court GRANT the Defendant's motion to reduce sentence and enter an Amended Judgment and Conviction sentencing the defendant to at least **262 months imprisonment, if not a lower sentence.**.

BRYANT REAGOR, Defendant

RICHARD H. PARSONS
Federal Public Defender

BY:    s/ Robert A. Alvarado
_____
ROBERT A. ALVARADO
Attorney for Defendant

Assistant Federal Public Defender
ARDC Reg. No. 6185053
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
Fax: (309) 671-7898
E-mail: robert_alvarado@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Assistant United States Attorney Patricia McInerney, U.S. Attorney's Office, 318 South 6th St., Springfield, IL 62701 and Assistant U.S. Attorney Jeff Lang, 1830 Second Ave., Third Floor, Rock Island, IL 61201.

s/ Robert A. Alvarado
_____
ROBERT A. ALVARADO
Attorney for Defendant
Assistant Federal Public Defender
ARDC Reg. No. 6185053
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
Fax: (309) 671-7898
E-mail: robert_alvarado@fd.org