IN THE UNITED STATES DISTRICT COURT
FOR CENTRAL DISTRICT OF ILLINOIS
AT ROCK ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 94-40022 |
| v. | ) | |
| | ) | |
| BRYANT REAGOR, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO AMENDED MOTION TO REDUCE SENTENCE**

The United States of America, by and through Rodger A. Heaton, United States Attorney for the Central District of Illinois and the undersigned Assistant United States Attorney, hereby responds to Defendant Bryant Reagor's Amended Motion To Reduce Sentence as follows:

**A.     Factual Background**

On May 15, 1995, the defendant pled guilty to Count I of the Indictment, charging Conspiracy to Distribute Cocaine Base (Crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846.

At sentencing, this Court determined the Defendant was responsible for at least 3.1 kilograms of crack cocaine. This amount resulted in a Base Offense Level of 38. No further adjustments were made to the Base Offense Level.

At sentencing, this Court found the defendant's Criminal History Category to be IV, resulting in a Guidelines range of 324 to 405 months of imprisonment. The defendant was sentenced to 324 months of imprisonment, the bottom of the Guidelines range.

In his Motion, the Defendant properly calculates the revised guidelines range of 262 to 327 months of imprisonment, pursuant to the amended guideline under U.S.S.G. § 2D1.1. The defendant

has received four violations to date from the Bureau of Prisons, however, none of the violations have been for major infractions. Given the nature of his post-sentencing conduct and the apparent lack of any major prison incidents, the government does not oppose a sentence reduction within the newly-revised range. However, the government does oppose a sentence reduction greater than 262 months, the low-end of the revised guidelines range. The defendant is not entitled to a full resentencing, and his sentence may not be reduced beyond what is provided in the retroactive guidelines.

**B.    Booker Does Not Authorize a Full Resentencing or A Further Reduction of Defendant's Sentence Beyond That Provided in the Revised Guidelines.**

18 U.S.C. § 3582(c)(2) limits sentencing reductions based on retroactive guidelines to those authorized by the Sentencing Commission. In Section 3582(c)(2), Congress created a "narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Section 3582(c)(2) permits a sentencing reduction based on a retroactive guideline only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In the Sentencing Reform Act, Congress specifically delegated to the Sentencing Commission the authority to determine when, and to what extent, a sentencing reduction is allowed. Under 28 U.S.C. § 994(u), when the Commission amends the guidelines, the Commission "shall specify in what circumstances and by what amounts the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). As the Supreme Court has explained, under this provision, "Congress has granted the Commission the unusual and explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect." *Braxton v. United States*, 500 U.S. 344, 348 (1991) (citing § 994(u); emphasis omitted).

Thus, under the express statutory language of Section 3582(c)(2) and Section 994(u), the Commission's policy statements implementing the statute's authorization of retroactive sentence reductions are binding, just as the statutory restrictions on reductions below a mandatory minimum are binding. *See United States v. Walsh*, 26 F.3d 75, 77 (8th Cir. 1994) ("Congress has made the policy statements set forth in Section 1B1.10 the applicable law for determining whether a district court has the authority to reduce a sentence in this situation.").

Section 3582(c)(2) does not provide for full resentencing of defendants. In its recent revision to the policy statement governing sentencing reductions under Section 3582(c)(2), the Sentencing Commission made clear that proceedings under the statute "do not constitute a full resentencing of the defendant." Section 1B1.10(a)(3); see *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir.2000) (Section 3582(c)(2) "'do[es] not contemplate a full de novo resentencing'") (quoting *United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir. 1997)); *see also United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002); *United States v. Jordan*, 162 F.3d 1, 4 (1st Cir. 1998); *United States v. Torres*, 99 F.3d 360, 361 (10th Cir. 1996).

Rather than authorizing a full reexamination of a defendant's sentence, the Sentencing Commission has placed explicit limits on the extent of a sentencing reduction permissible under Section 3582(c)(2). Section 1B1.10(b)(1) directs that "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court * * * shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Section 1B1.10(b)(1). Section 1B1.10(b)(2) sets out specific limits on the extent of sentencing reductions, providing that, with one

exception, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." Section 1B1.10(b)(2)(A). The sole exception is set forth in Section 1B1.10(b)(2)(B), which provides that if the defendant's "original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate."[1] Section 1B1.10(b)(2)(B); *see id.*, app. note 3 (if defendant's original sentence was a downward departure of 20% below guideline range, reduction to term that is 20% below amended guideline range would be a "comparable reduction"). Thus, the Commission, consistent with the statutory authorization provided by Congress, has set a floor below which a reduced sentence may not fall – in this case, the bottom of the new Guideline range, or 262 months.

    In short, 18 U.S.C. § 3582(c)(2) and Section 1B1.10 are narrow provisions which permit a limited reduction of sentence, while prohibiting a complete reevaluation of the sentence. *United States v. Hasan,* 245 F.3d 682, 685-86 (8th Cir. 2001) (en banc) (reduction below the amended guideline range is not permitted); *Bravo*, 203 F.3d at 781 (court was not permitted to "depart downward . . . to an extent greater than that authorized under Section 3582(c) based on the amended guideline provision"). As the court reasoned in *United States v. Julien*, 2008 WL 1933340 (D. Me. 2008), the governing statute, in providing that sentencing reductions must be "consistent with applicable policy statements issued by the Sentencing Commission," creates a jurisdictional bar to sentences that exceed the scope

---

[1] Section 1B1.10(b)(2)(B) further provides that if the defendant's original sentence "constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."

of the reductions authorized by the Commission. *Id.* at *1.

*Booker* did not affect the limits on sentencing reductions under Section 3582(c)(2) because such reductions do not raise the Sixth Amendment concerns applicable to initial sentencings. In *Booker*, the Supreme Court held that the Sixth Amendment, as construed by the Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), applied to the federal Sentencing Guidelines, under which the sentencing court rather than the jury found facts that established the mandatory guidelines range. *Booker*, 543 U.S. at 230-245. The Court remedied that constitutional defect by severing the statutory provisions that made the guidelines range mandatory, resulting in a regime in which the Guidelines are advisory, and courts are to consider the guidelines and the other factors in 18 U.S.C. § 3553(a) in selecting an appropriate sentence. *Id.* at 245-268; *see Gall v. United States*, 128 S. Ct. 586, 594 (2007). Nothing in *Booker* expands the scope of sentencing reductions under Section 3582(c)(2). As an initial matter, even before *Booker*, the Guidelines were not mandatory in Section 3582(c) proceedings. Judges were never required to reduce a sentence. Rather, Section 3582(c)(2) states that a court "may" reduce the term of imprisonment. Nor, if courts did so, were they required to reduce a sentence to the full extent permitted by the retroactive guideline amendment. Instead, judges were to "consider[] the factors set forth in Section 3553(a) to the extent that they are applicable" and reduce the sentence "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(2). Thus, the Section 3553(a) factors were always the guiding principle under Section 3582(c)(2), with the sole limitation that a reduction must accord with the Commission's policy statements.

*Booker* had no direct effect on Section 3582(c)(2). *Booker's* constitutional holding applied the now-familiar rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for

a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Booker*, 543 U.S. at 231 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).  That rule has no application to proceedings under Section 3582(c)(2), which can only decrease - not increase - the defendant's sentence.  Moreover, the limits Section 3582(c)(2) and Section 1B1.10 impose on the extent of reductions are, at most, the equivalent of mandatory minimum sentences, which the Sixth Amendment permits within an otherwise-authorized sentencing range.  *See Harris v. United States*, 536 U.S. 545 (2002).

*Booker*'s remedial holding is likewise inapplicable.  *Booker* applies to full sentencing hearings - whether in an initial sentencing or in a resentencing where the original sentence is vacated for error.  The Court excised and severed the provision that made the Guidelines mandatory in those sentencings, 18 U.S.C. § 3553(b).  It also excised the related provision on appellate review, 18 U.S.C. § 3742(e).  "With these two sections excised (and statutory cross-references to the two sections consequently invalidated)," the Court held, "the remainder of the Act satisfies the Court's constitutional requirements."  543 U.S. at 259.  Section 3582(c)(2) contains no cross-reference to Section 3553(b) and therefore was not excised by *Booker*.  Nor is there anything else in *Booker* that directly addresses Section 3582 proceedings.

The *Booker* Court applied its advisory guidelines remedy to cases in which no Sixth Amendment violation existed, concluding that Congress would not have wanted the Guidelines to be mandatory in some contexts and advisory in others.  543 U.S. at 266.  The Court rested its conclusion on two observations, neither of which is applicable to reduction proceedings under Section 3582(c)(2).  The first was that Congress would not have wanted to "impose mandatory * * * limits on a judge's ability to *reduce* sentences," but not to "impose those limits upon a judge's ability to *increase*

sentences." *Id.* (emphasis in original); *see id.* (Congress would not have wanted such "one-way lever[s]"). But Congress clearly intended Section 3582(c)(2) to be a "one-way lever" – it gives the court the option to leave a defendant's sentence alone or to reduce it, but does not permit the court to increase the sentence. Second, the Court observed that rendering the Guidelines partially advisory and partially mandatory in federal sentencings would engender significant "administrative complexities." *Id*. Given the limited scope of a proceeding under Section 3582(c)(2), none of the significant "administrative complexities" is present that led the Supreme Court to require all guideline provisions to be advisory at full sentencing proceedings. *Booker*, 543 U.S. at 266. To the contrary, holding that *Booker* requires full resentencings whenever a guideline is made retroactive — in many cases years after the original sentencing — would create major administrative complexities and would vastly expand the intended scope of a sentencing reduction under Section 3582(c)(2).

Section 3582(c)(2)'s direction that the court "shall consider the factors in section 3553(a) to the extent that they are applicable" also does not aid the defendant. Although one of the factors in Section 3553(a) is the Guidelines range, and *Booker* made that range advisory, the still-valid statutory language in Section 3582(c)(2) requires courts to consider the Section 3553(a) factors (including the Guidelines) when determining whether and by how much to reduce the sentence, "consistent with applicable policy statements issued by the Sentencing Commission." The Commission has made clear that courts are to consider the Section 3553(a) factors in determining whether a reduction is warranted and "the extent of such reduction, but only *within the limits*" of Section 1B1.10. U.S.S.G. § 1B1.10, app. note 1(B)(I) (emphasis added).

Nothing in the Supreme Court's recent decisions in *Gall v. United States*, 128 S. Ct. 586 (2007), or *Kimbrough v. United States*, 128 S. Ct. 558 (2007), affects this analysis. Both decisions

reaffirmed *Booker*'s remedial holding that the Guidelines are advisory and that sentences are subject to appellate review for reasonableness, and both decisions proceeded to apply that remedial holding to the questions before them. Because, as explained above, *Booker* does not apply to Section 3582(c) proceedings, the applications of *Booker*'s remedial opinion in *Gall* and *Kimbrough* do not apply in such proceedings either.

      In the months since the Sentencing Commission amended Section 1B1.10, many courts have found *Booker* inapplicable to application of a retroactive guideline amendment. *See, e.g.*, *United States v. Atwell,* 2008 WL 3272016 (M.D. Fla. Aug. 4, 2008); *United States v. Speights,* 2008 WL 2487389 (S.D. Ala. June 23, 2008); *United States v. Bell*, 2008 WL 2620904 (E.D. Ark. July 1, 2008); *United States v. Robinson*, 2008 WL 2039268 (E.D. Ark. May 12, 2008); *United States v. Kahlmorgan*, 2008 WL 1776894, *3 (M.D. Fla. Apr. 17, 2008); *United States v. Davis*, 2008 WL 660277, *2 (M.D. Fla. Mar. 6, 2008); *United States v. Hopkins*, 2008 WL 504002, at *1 (N.D. Iowa Feb. 21, 2008); *United States v. Quary*, 2008 WL 1766951, *2 n.1 (D. Kan. Apr. 15, 2008); *United States v. Julien*, 2008 WL 1933340 (D. Me. May 5, 2008); *United States v. Blair*, 2008 WL 2622962 (E.D. Mich. July 2, 2008); *United States v. Green*, 2008 WL 2312927 (E.D. Mo. May 30, 2008); *United States v. Osuna*, 2008 WL 1836943, *2-3 (E.D.N.Y. Apr. 22, 2008); *United States v. Cruz*, 2008 WL 539216, at *2-5 (E.D.N.Y. Feb. 27, 2008); *United States v. Veale*, 2008 WL 619176, *3 (N.D.N.Y. Mar. 3, 2008); *Montes v. United States*, 2008 WL 906079 (S.D.N.Y. Apr. 3, 2008); *United States v. Roman*, 2008 WL 2669769 (E.D. Pa. July 7, 2008); *United States v. Wright*, 2008 WL 2265272 (E.D. Pa. June 3, 2008); *United States v. Rivera*, 535 F. Supp. 2d 527, 530-31 (E.D. Pa. 2008); *United States v. Austin*, 2008 WL 2412949 (M.D. Pa. June 11, 2008); *United States v. Roberson*, 2008 WL 2020209, *2 (M.D. Pa. May 8, 2008); *United States v. Havelka*, 2008 WL

2687099 (W.D. Pa. July 8, 2008); *United States v. Robinson*, 2008 WL 2578043 (W.D. Pa. June 26, 2008); *United States v. Strothers*, 2008 WL 2473686 (W.D. Pa. June 19, 2008); *United States v. Finney*, 2008 WL 2435559 (W.D. Pa. June 16, 2008) (rejects decision in *Hicks*); *United States v. Johnson*, 2008 WL 2260052, *4 (W.D. Va. June 3, 2008).

The conclusion that *Booker* does not apply in proceedings under Section 3582(c)(2) is also consistent with the courts of appeals' unanimous holding that defendants whose convictions are final have no right to resentencing under *Booker* on collateral review under 28 U.S.C. § 2255. *See Cirilo-Muñoz v. United States*, 404 F.3d 527, 532-33 (1st Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 141-44 (2d Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 613-16 (2005); *United States v. Morris*, 429 F.3d 65, 66-67 (4th Cir. 2005); *United States v. Gentry*, 432 F.3d 600, 602-05 (5th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005); *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir. 2005); *In re Fashina*, 486 F.3d 1300, 1306 (D.C. Cir. 2007). It would be incongruous if courts interpreted the congressional scheme in Section 3582(c)(2), which provides for much more limited relief than Section 2255, concerns only sentence reductions, and raises no Sixth Amendment concerns, as triggering a full *Booker* resentencing.

Indeed, given that *Booker* does not apply to the many defendants whose sentences were final when *Booker* was decided, it would be unfair to apply *Booker* to that subset of those defendants whose sentences are being lowered under Amendment 706. Section 3582(c)(2) was designed only to permit courts to reduce defendants' sentences to account for a retroactive guideline amendment. To grant

these defendants a further reduction that is not afforded to all other similarly situated defendants would produce the unwarranted sentencing disparities Congress sought to eliminate in the Sentencing Reform Act. It would also entail enormous additional cost and effort in resentencing tens of thousands of inmates, even though Section 3582(c)(2) by its terms does not authorize a full resentencing.

Respectfully submitted,

Rodger A. Heaton
United States Attorney

By:    /s/ John K. Mehochko
John K. Mehochko
Assistant United States Attorney
1830 2nd Avenue, Third Floor
Rock Island, Illinois 61201

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 2, 2008, I electronically filed the foregoing United States' Response To Amended Motion To Reduce Sentence with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant: Robert A. Alvarado.

/s/ John K. Mehochko
John K. Mehochko
Assistant United States Attorney